**Joann STARR, Plaintiff,**

v.

**Arthur CORLEY, Defendant.**

**No. C86–4070.**

United States District Court,
N.D. Ohio, E.D.

June 17, 1987.

---

Jo Ann Corley Starr, pro se.

Arthur Corley, pro se.

## MEMORANDUM OF OPINION AND ORDER OF DISMISSAL

KRENZLER, District Judge.

The plaintiff, JoAnn Starr, filed this action *pro se* on September 23, 1986, alleging severe psychological injury as a result of the intentional or, in the alternative, negligent infliction of emotional distress by her father, the defendant, Arthur Corley.[1] Subsequently, the plaintiff filed a motion for default judgment after the defendant failed to respond to the complaint within the twenty-day period.

A *sua sponte* review of the one-page complaint reveals that the plaintiff's basic allegation is that her father married another woman while still married to her mother, and that he thereafter neglected his wife and children:

> For my complaint, I, the plaintiff, state that on January 10, 1942 Mr. Arthur Corley married Miss Rose Epowitz while still married to my mother Alma Corley ... From January 10, 1942 Arthur Corley completely neglected his wife and seven (7) children. I, the plaintiff, am the youngest of those seven (7) children. I have suffered emotional problems all of my life because of his behavior.

Complaint, p. 1. The plaintiff is seeking $25,000 in damages from the defendant.

The initial issue to be decided in this case is whether the allegations of the plaintiff state a cause of action, even if proven. This Court is well aware of the liberal standards to be applied to *pro se* complaints, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), and the requirement of Fed.R.Civ.P. 8(f) that pleadings be construed to do "substantial justice." However, a complaint which fails to meet this liberal standard is subject to dismissal. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

This Court totally understands the feelings of the plaintiff and has sympathy for her position, assuming the truth of the allegations in the complaint. However, not everything unpleasant or everything that causes physical harm or emotional distress creates a cause of action. Legal causes of action are created by statute or by common law. This does not mean that the law is static and that there can never be new causes of action created; in fact, the law is very fluid. However, the Court finds that at the present time there is not an established legal principle that provides a cause of action to the off-spring of a bigamous marriage for lack of support and any physical or emotional trauma.

The plaintiff apparently attempts to state a cause of action for the intentional or, alternatively, negligent infliction of emotional distress. In *Schultz v. Barberton Glass Co.*, 4 Ohio St.3d 131, 447 N.E.2d

---

1. The complaint in this action is almost identical to the complaint filed by the plaintiff in *Starr v. Corley*, No. C86–3181 (N.D. Ohio). By Order of September 18, 1986, this Court dismissed case No. C86–3181, without prejudice, for lack of proper service.

109 (1983), the Supreme Court of Ohio held that a cause of action may be stated for the negligent infliction of emotional distress without a contemporaneous physical injury. Citing *Schultz,* the Supreme Court subsequently recognized a cause of action for the intentional infliction of serious emotional distress in *Yeager v. Local Union 20,* 6 Ohio St.3d 369, 374, 453 N.E.2d 666 (1983). The court stated:

> The standard we adopt in our recognition of the tort of intentional infliction of serious emotional distress is succinctly spelled out in the Restatement as follows: "One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other result from it, for such bodily harm." Restatement of the Law 2d, Torts (1965) 71, Section 46(1).

*Id.*

Upon consideration, this Court holds as a matter of law that bigamy coupled with neglect—while deplorable—is not the type of conduct, in and of itself, which is so outrageous and extreme that it supports a cause of action for the intentional or negligent infliction of emotional distress. If the principle proposed were adopted, it would mean that when any parent engaged in any wrongful conduct—either morally or legally—and such conduct caused the offspring to suffer emotional or physical harm, compensation would be paid to the offspring. The Ohio courts have yet to recognize such a legal principle.

Additionally, this Court notes that even if the plaintiff's allegations stated a claim for the intentional or negligent infliction of emotional distress, this action would be barred by the applicable statute of limitations. The applicable limitations period is four (4) years. Ohio Rev. Code Ann. § 2305.09; *Yeager,* 6 Ohio St.3d at 375, 453 N.E.2d 666. Because the acts complained of in the complaint occurred in 1942, and this action was not filed until forty-four (44) years later, this Court finds that this action was not timely filed.

For the reasons provided above, this Court dismisses this case for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6). The Court, therefore, overrules the plaintiff's motion for default judgment. The plaintiff shall pay costs.

IT IS SO ORDERED.