SCHULTZ, APPELLANT, *v.* BARBERTON GLASS COMPANY, APPELLEE.

[Cite as Schultz *v.* Barberton Glass Co. (1983), 4 Ohio St. 3d 131.]

(No. 82-316—Decided April 13, 1983.)

*Scanlon & Gearinger Co., L.P.A., Mr. Bradford M. Gearinger* and *Mr. Mark Hilkert,* for appellant.

*Buckingham, Doolittle & Burroughs Co., L.P.A.,* and *Mr. Donald A. Powell,* for appellee.

CELEBREZZE, C.J. The issue raised in this appeal is whether a contemporaneous physical injury is a necessary condition precedent to liability for the negligent infliction of serious emotional distress. For the reasons which follow, we conclude that a contemporaneous physical injury is unnecessary.

In 1908, Ohio adopted the rule which requires the finding of contemporaneous physical injury before any recovery can be obtained for fright, shock, emotional distress, or mental suffering. *Miller, supra.* The court

reasoned that "* * *[i]f the right of recovery in this class of cases should be once established, it would naturally result in a flood of litigation in cases where the injury complained of may be easily feigned without detection, and where the damages must rest upon mere conjecture or speculation. The difficulty which often exists in cases of alleged physical injury, in determining whether they exist, and if so, whether they were caused by the negligent act of the defendant, would not only be greatly increased, but a wide field would be opened for fictitious or speculative claims. To establish such a doctrine would be contrary to principles of public policy.' " *Id.* at 321. (Quoting from *Mitchell* v. *Rochester Ry. Co.* [1896], 151 N.Y. 107, 110.)

We find that the reasons set forth in *Miller* are no longer valid. The first concern that a flood of litigation would result if recovery were permitted has not materialized. Commentators and courts in other jurisdictions have concluded that this argument lacks merit. As stated in *Falzone* v. *Busch* (1965), 45 N.J. 559, 567, 214 A. 2d 12, "[t]here is no indication of an excessive number of actions of this type in other states which do not require an impact as a basis for recovery."[2]

Similarily, "[t]he truth of the matter is that the feared flood tide of litigation has simply not appeared in states following the majority rule allowing recovery of psychic injuries without impact." Lambert, Tort Liability for Psychic Injuries (1961), 41 Boston U. L. Rev. 584, at 592.

The California Supreme Court concluded in *Molien* v. *Kaiser Foundation Hospitals* (1980), 27 Cal. 3d 916, 928, 167 Cal. Rptr. 831, 616 P. 2d 813, that "[i]f physical injury, however slight, provides the ticket for admission to the courthouse, it is difficult for advocates of the 'floodgates' premonition to deny that the doors are already wide open."

Even if there may be a possibility of increased litigation, it is not a valid reason for denying a judicial forum. The Supreme Court of Pennsylvania, quoting Prosser, Intentional Infliction of Mental Suffering: A New Tort (1939), 37 Mich. L. Rev. 874, stated: " 'It is the business of the law to remedy wrongs that deserve it, even at the expense of a 'flood of litigation'; and it is a pitiful confession of incompetence on the part of any court of justice to deny relief upon the ground that it will give the courts too much work to do.' " *Niederman* v. *Brodsky* (1970), 436 Pa. 401, 412, 261 A. 2d 84. Even if the caseload increases, the "proper remedy" is an expansion of the judicial machinery, not a decrease in the availability of justice. *Battalla* v. *State* (1961), 10 N.Y. 2d 237, 241-242, 176 N.E. 2d 729, 731.

Therefore, we are not convinced that the problem of increased litigation is real or inevitable. Moreover, even if the caseload increases, we believe it is an unacceptable reason for denying justice.

A second reason for the physical injury requirement is the fear of fic-

---

[2] Because the justifications for the impact doctrine are similar to those for a contemporary physical injury, this conclusion applies to both doctrines.

titious injuries and fraudulent claims. In response to this concern, the Supreme Court of Pennsylvania concluded that there was no merit in this proposition and stated that "[f]actual, legal, and medical charlatans are unlikely to emerge from a trial unmasked." *Niederman, supra,* at page 410.

The danger of illusory claims for mental distress is no greater than in cases of physical injury, especially when the injury is slight.[3] The opportunity for fraud is as likely in such a case as one absent any physical injury.[4] "The problem is one of adequate proof, and it is not necessary to deny a remedy in all cases because some claims may be false." Prosser, Law of Torts (4 Ed. 1971) 327-328, Section 54.

We are not convinced that the fear of fraudulent claims is a valid reason to preclude the opportunity for recovery. The judicial system and evidentiary requirements have proven to be safeguards against fictitious claims in other personal injury cases and will function similarly in emotional distress cases.

The last argument urged by appellee for retaining the physical injury rule is that problems regarding the proof of emotional distress are insurmountable because damages must be based upon conjecture or speculation. Other courts which have addressed the issue have found this proposition without merit. For example, the Supreme Court of Hawaii determined that "[i]n judging the genuineness of a claim of mental distress, courts and juries may look to 'the quality and genuineness of proof and rely to an extent on contemporary sophistication of the medical profession and the ability of the court and jury to weed out dishonest claims.' " *Rodrigues* v. *State* (1970), 52 Hawaii 156, 172, 472 P. 2d 509. Furthermore, the court noted that in cases in which the proof of mental distress is not medically significant, the "general standard of proof required to support a claim of mental distress is some guarantee of genuineness in the circumstances of the case." *Id.*

Similarly, the Supreme Court of Pennsylvania surveyed the response of other jurisdictions and concluded that "[t]he virtually unanimous response has been that (1) the danger of illusory claims in this area is no greater than in cases where impact occurs and that (2) our courts have proven that any

---

[3] Courts have allowed recovery for emotional distress accompanied by the slightest injury. "When there is evidence of any injury, no matter how slight, the mental anguish suffered by plaintiff becomes an important element in estimating the damages sustained." *Clark Restaurant Co.* v. *Rau* (1931), 41 Ohio App. 23, 26 [31 O.O. 576]. In *Wolfe* v. *Great A & P Tea Co.* (1944), 143 Ohio St. 643 [28 O.O. 520], the plaintiff was allowed to recover for mental suffering, after eating food contaminated with worms, if any physical injury was proven. See, also, *Ward Baking Co.* v. *Trizzino* (1928), 27 Ohio App. 475.

[4] *Molien, supra,* established a cause of action for negligent infliction of serious emotional distress absent physical injury. *Molien* suggests "that the seriousness criterion is superior to the physical injury requirement as a guide to emotional distress actions * * *." Nolan & Ursin, Negligent Infliction of Emotional Distress: Coherence Emerging from Chaos (1982), 33 Hastings L.J. 583, 614. The authors concluded that a seriousness requirement in conjunction with the foreseeability criterion in tort recovery will "avoid the prospect of unlimited liability, as well as protect against fraud and trivial claims, by identifying those cases of emotional distress most worthy of compensation." *Id.* at 615.

protection against such fraudulant claims is contained within the system itself — in the integrity of our judicial process, the knowledge of expert witnesses, the concern of juries and the safeguards of our evidentiary standards." *Niederman, supra,* at page 409.

We agree with these courts. Judges and juries will consider the credibility of witnesses and the genuineness of the proof as they do in other cases. In most instances, expert medical testimony will help establish the validity of the claim of serious emotional distress. Three medical doctors and a doctor of psychology testified, in the case *sub judice,* to the effect that appellant suffers from traumatic neurosis which was directly caused by the collision. Appellee did not offer expert testimony to the contrary.

Having carefully examined the arguments in support of the contemporaneous physical injury rule, it is clear that continued adherence to the rule makes little sense. Legal scholars who have considered the rule denying recovery in the absence of contemporaneous physical injury or impact are unanimous in condemning it as unjust and contrary to experience.[5] The justifications for the doctrine are no longer valid and the reasons for abrogating it are strong. Consequently, the earlier cases upholding the doctrine are overruled. *Miller, supra,* and *Davis* v. *Cleveland Ry. Co.* (1939), 135 Ohio St. 401 [14 O.O. 307].

Emotional injury can be as severe and debilitating as physical harm and is deserving of redress. *Molien, supra.* "[T]he gravity of appellant's injury and the inherent humanitarianism of our judicial process and its responsiveness to the current needs of justice dictate that appellant be afforded a *chance* to present [her] case to a jury * * *." *Sinn* v. *Burd* (1979), 486 Pa. 146, 174, 404 A. 2d 672, quoting *Niederman, supra,* at page 404. An award of damages for emotional suffering is not new in Ohio. As previously indicated, damages have been allowed when a contemporaneous physical injury has been established. Recovery for emotional distress unaccompanied by a contemporaneous physical injury has been allowed under special circumstances. See *Columbus Finance* v. *Howard* (1975), 42 Ohio St. 2d 178 [71 O.O. 2d 174] (malice on the part of the wrongdoer); *Housh* v. *Peth* (1956), 165 Ohio St. 35

---

[5] See Comment, Negligently Inflicted Mental Distress: The Case For an Independent Tort (1971), 59 Georgetown L.J. 1237; Prosser, Law of Torts (4 Ed. 1971) 328-332, Section 54; 2 Harper & James, Law of Torts (1956), 1031-1039, Section 18.4; McNiece, Psychic Injury and Tort Liability in New York (1949), 24 St. John's L. Rev. 1; Smith, Relation of Emotions to Injury and Disease, Legal Liability for Psychic Stimuli (1944), 30 Va. L. Rev. 193; Smith & Solomon, Traumatic Neuroses in Court (1943), 30 Va. L. Rev. 87; Magruder, Mental and Emotional Disturbance in the Law of Torts (1936), 49 Harv. L. Rev. 1033; 1936 Report of N.Y. Law Rev. Comm. 375; Green, "Fright" Cases (1933), 27 Ill. L. Rev. 761; Hallen, Damages for Physical Injuries Resulting from Fright or Shock (1933), 19 Va. L. Rev. 253; Wilson, The New York Rule as to Nervous Shock (1926), 11 Cornell L.Q. 512; Goodrich, Emotional Disturbance as Legal Damage (1922), 20 Mich. L. Rev. 497; Throckmorton, Damages for Fright (1921), 34 Harv. L. Rev. 260; Burdick, Tort Liability for Mental Disturbance and Nervous Shock (1905), 5 Colum. L. Rev. 179; and Bohlen, Right to Recover for Injury Resulting from Negligence without Impact (1902), 41 Am. L. Reg. (N.S.) 141.

[59 O.O. 60] (right of privacy invaded); *Brownlee* v. *Pratt* (1946), 77 Ohio App. 533 [33 O.O. 356] (right of burial of the dead transgressed). Similarly, those injured by the negligent infliction of serious emotional distress should have the opportunity to recover damages.

For these reasons, we hold that a cause of action may be stated for the negligent infliction of serious emotional distress without a contemporaneous physical injury.

Applying these principles to the case *sub judice,* we conclude that appellant has such a cause of action. Due to appellee's negligence, a large sheet of glass fell off the truck onto the highway and crashed into the windshield of appellant's vehicle. The validity of appellant's claim of serious emotional distress as a result of the accident is supported by the expert testimony of three medical doctors and a psychologist. Although the trial court awarded damages for emotional distress, the court of appeals remanded for a determination of a contemporaneous physical injury. Because of our holding, such a determination is unnecessary.

Accordingly, the judgment of the court of appeals is reversed.

*Judgment reversed.*

W. Brown, Sweeney, Locher, C. Brown and Kerns, JJ., concur.

Holmes, J., dissents.

Kerns, J., of the Second Appellate District, sitting by assignment.

Holmes, J., dissenting. I must dissent, not because I disagree with the general direction in which the majority opinion travels new legal roads for this state, but disagree as to the extent of the journey. The majority determination here takes us from an admitted overly conservative position regarding recovery for fright and its consequences in the absence of contemporaneous physical injury, to an unduly liberalized statement of the law with no attendant standards, which in the syllabus travels well beyond the periphery of reasonable application.

I am in agreement with the majority that the rule of non-recovery for the non-willful occasioning of fright and its consequences in the absence of contemporaneous physical injury, a rule which has prevailed in Ohio for over seventy-five years, is one due for overhauling. However, I disagree with the majority's failure to replace the former rule with one that provides bench and bar sufficient insight into reasonable limitations of recovery. Consequently, I write separately in dissent to express my views of what I believe are the proper parameters of recovery for the negligent infliction of mental distress.

As early as the Fourteenth Century, in the case of *I. de S. et ux.* v. *W. de S.* (1348), Y. B. Lib. Assis., 22 Edw. III, folio 99, platicum 60,[6] a court

---

[6] In such case, the plaintiff was awarded damages for the defendant's act of throwing a hatchet at her, which missed, notwithstanding the lack of harm.

allowed recovery for a wrongful invasion of one's right to emotional tranquility. However, in the interim neither court nor commentator has argued that all such invasions are compensable. Courts have deemed it necessary to draw lines between those which are compensable and those which are not.

Courts historically allowed plaintiffs to maintain a cause of action for mental distress only in conjunction with actions which seek to redress violation of other known protected personal rights. Damages were dependent upon the existence of some other tort, and such "parasitic" damages were only an additional factor to be considered in awarding general damages.[7]

As the law in this area developed, many states, including Ohio, recognized separate actions for the recovery for mental distress in distinction from, and uncoupled with, known and then protected rights, but only if the plaintiff could show that he suffered a contemporaneous physical injury or impact. Courts required the showing of injury or impact as a means of assisting in the assurance of the legitimacy of the alleged claims.

Under the impact rule, the plaintiff may not recover for emotional distress unless he also has suffered physical impact as a result of the defendant's act or omission. There would seem to be no reasonably distinguishable difference between the "impact rule" and the "contemporaneous physical injury rule" as previously pronounced by this court. By implication the majority opinion herein also discards the impact rule.[8]

The impact rule as adopted by many courts across the country was subsequently broadened to encompass many types of factual patterns undoubtedly not originally thought to be encompassed within the doctrine.[9]

Subsequently, a number of states, in order to broaden the field of recovery, sought another standard that could be applied to such cases involving claims for emotional distress in order to distinguish bonafide claims from those that were contrived. One of the significant rules adopted by many states was that known as the "zone of danger" rule. This rule would allow

---

[7] See Harper, Law of Torts (1933) 154-156, Section 67; Prosser, Law of Torts (4 Ed. 1971) 330, Section 54. See, *e.g., Ewing v. Pittsburgh C. & St. L. Ry. Co.* (1892), 147 Pa. 40, 23 A. 340; Magruder, Mental and Emotional Disturbance in the Law of Torts (1936), 49 Harv. L. Rev. 1033, 1048; McNiece, Psychic Injury and Tort Liability in New York (1949), 24 St. John's L. Rev. 1, 10, at fn. 29; cf. *Bartow v. Smith* (1948), 149 Ohio St. 301 [37 O.O. 10] (no recovery for emotional distress because one must be in a situation where he is entitled to protection); *Bedard v. Notre Dame Hospital* (1959), 89 R.I. 195, 151 A. 2d 690 (plaintiff entitled to at least nominal damages because a legally protected interest was invaded). See, also, Annotation, Torts — Emotional Disturbances, 64 A.L.R. 2d 100.

[8] See footnote 2 of majority opinion.

[9] See *Conley v. United Drug Co.* (1914), 218 Mass. 238, 105 N.E. 975 (plaintiff bruised after falling to floor in faint following explosion); *Steverman v. Boston Elevated Ry. Co.* (1910), 205 Mass. 508, 91 N.E. 919 (fire set plaintiff's clothing to smoldering); *Porter v. Delaware, L. & W. R.R. Co.* (1906), 73 N.J. L. 405, 63 A. 860 (dust in eyes); *Sawyer v. Dougherty* (1955), 286 App. Div. 1061, 144 N.Y.Supp. 2d 746 (blast of air filled with glass); *Morton v. Stack* (1930), 122 Ohio St. 115 (smoke inhaled by plaintiff).

recovery in a given case, even though actual impact may not occur, if the plaintiff be within the zone of danger of physical impact.[10]

The "zone of danger" rule has been expanded in some jurisdictions, especially in those cases alleging emotional distress of the "bystander," most particularly the parent who witnesses the traumatic death of a child occasioned by the negligence of the defendant, usually a motorist. The leading case allowing recovery by a mother not within the zone of danger who had witnessed her minor child's death in a motor vehicle accident caused by the defendant's negligent conduct was *Dillon* v. *Legg* (1968), 68 Cal. 2d 728, 69 Cal. Rptr. 72, 441 P. 2d 912. This case and others following have adopted the general negligence law principle of "reasonable foreseeability," *i.e.,* the defendant would be liable only for injuries to others if the injuries were reasonably foreseeable to the defendant at the time of the negligent act.[11] It should be noted that in all of the transition of this area of the law and the changing rules as applied, the states attempted to adopt certain recognizable standards or limitations for recovery in these cases.

Although these latter cases, dealing with various standards applicable to emotional distress claims, have allowed recovery without a showing of resultant physical injury, there is other substantial case law, legal commentary and legal authority to the effect that in order to sustain a recovery for emotional stress, there need be a showing of a resulting substantial physical injury. Accordingly, in the case of *Dziokonski* v. *Babineau* (1978), 375 Mass. 555, 380 N.E. 2d 1295, the Supreme Court of Massachusetts held that the plaintiff could recover, even though not within the "zone of danger," upon proof of the elements of negligence, including foreseeability, but only upon proof of substantial physical injury. (In such case, one of the plaintiffs, the mother, in fact died as a result of the shock of learning of her daughter's injuries.)

In the more recent Massachusetts case of *Payton* v. *Abbott Labs* (1982), 386 Mass. 540, 437 N.E. 2d 171, the Supreme Court of Massachusetts held that when recovery is sought for negligent, rather than intentional or reckless, infliction of emotional distress, evidence must be introduced that the plaintiff has suffered physical harm.

The court's holding in *Payton* v. *Abbott Labs* is in keeping with the law on the subject set forth in Restatement of Torts 2d (1965), Section 436(A).[12] This

---

[10] See *Fournell* v. *Usher Pest Control Co.* (1981), 208 Neb. 684, 305 N.W. 2d 605; *Williamson* v. *Bennett* (1960), 251 N.C. 498, 112 S.E. 2d 48; *Jines* v. *City of Norman* (Okla. 1960), 351 P. 2d 1048; *Waube* v. *Warrington* (1935), 216 Wis. 603, 258 N.W. 497.

[11] See, *e.g., D'Ambra* v. *United States* (1975), 114 R.I. 643, 338 A. 2d 524; *Dziokonski* v. *Babineau* (1978), 375 Mass. 555, 380 N.E. 2d 1295.

[12] Restatement of Torts 2d, Section 436A, reads:

"If the actor's conduct is negligent as creating an unreasonable risk of causing either bodily harm or emotional disturbance to another, and it results in such emotional disturbance alone, without bodily harm or other compensable damage, the actor is not liable for such emotional disturbance."

rule appears to be the one which is followed by a majority of the American courts.[13]

The majority here, in its syllabus law, presents an ever widening legal horizon upon which recovery for the negligent infliction of mental distress may be founded, limited only by the requirement that "serious" mental stress must result. While I agree that "serious" mental distress should be a predicate of recovery, I believe that the term must be further refined if it is to serve as a meaningful guide.

To accomplish this, I would hold that in the absence of a contemporaneous physical injury, one may not recover damages for the negligent infliction of emotional distress unless the emotional disturbance is manifested as a definite and objective physical injury. I recognize that the determination of what constitutes serious mental stress or illness, and whether such stress has resulted in a physical condition of injury or illness, is a very finite and somewhat tenuous determination and one that often transcends legal capabilities and requires reliance upon medical expertise. However, it is my view that for practical purposes the question should probably not be whether the consequences are "physical" in nature, but whether they are objectively ascertainable. As stated in *Bowman* v. *Williams* (1933), 164 Md. 397, 165 A. 182, there could be recovery for the consequences of nervous shock "resulting in some clearly apparent and substantial physical injury, as manifested by an external condition or by symptoms clearly indicative of a resulting pathological, physiological, or mental state."

This rule has much to recommend it. First, as stated, it has been adopted by the overwhelming majority of jurisdictions. Hence, even though Ohio courts enter new territory, other states have charted the route upon which we could rely. Second, where the mental disturbance is not sufficient to cause resulting physical harm manifested by an external condition, there is not a sufficient guarantee of the genuineness of injury.[14] Accordingly, it was stated in the extremely exhaustive and well-written opinion on the subject in *Payton* v. *Abbott Labs, supra,* at page 175, that:

"The task of determining whether a plaintiff has suffered purely emotional distress, however, does not fall conveniently into the traditional categories separating the responsibilities of the judge from those of the jury. A plaintiff may be genuinely, though wrongly, convinced that a defendant's negligence has caused her to suffer emotional distress. If such a plaintiff's testimony is believed, and there is no requirement of objective corroboration of the emotional distress alleged, a defendant would be held liable unjustifiably. It is in recognition of the tricks that the human mind can play upon itself, as much as of the deception that people are capable of

---

[13] See Prosser, *supra*, at 330, and also the extensive list of cases in accord contained in fn. 5 to *Payton* v. *Abbott Labs, supra.*

[14] Recently this court recognized, albeit in a different context, the difficulty of objectively measuring mental disturbances. *State* v. *Wilcox* (1982), 70 Ohio St. 2d 182 [24 O.O.3d 284].

perpetrating upon one another, that we continue to rely upon traditional indicia of harm to provide objective evidence that a plaintiff actually has suffered emotional distress."

Here, I conclude that the majority has established an unfortunately boundless rule of law with absolutely no guidelines or standards to aid the judge, jury or counsel in their travels over these newly established ways. Further, upon a reading of the record, I conclude that there was insufficient evidence placed before the jury upon which a determination could be reasonably made that the appellant's initial shock or mental stress had occasioned consequences which were not only "physical" in nature, but were objectively ascertainable. The latter point coupled with the fact that the jury did not have the benefit of the appropriate instructions under the law, to which I have alluded, presented prejudicial error.

Based on the foregoing, I would affirm the court of appeals in its reversal of the trial court, but upon the basis as stated within this dissent; *i.e.,* I would reverse and remand for a new trial with instructions that upon retrial the jury is to be charged upon the necessity of finding, prior to an award, that there was physical illness or injury, objectively ascertainable, as a consequence of the emotional disturbance.