**OEHRTMAN et al., Appellants,**

**v.**

**THIRD NATIONAL BANK AND TRUST COMPANY, Appellee.**

[Cite as *Oehrtman v. Third Natl. Bank & Trust Co.* (1988), 61 Ohio App.3d 604.]

Court of Appeals of Ohio,
Auglaize County.

No. 2–87–4.

Decided Dec. 12, 1988.

*Gregory D. Wilson,* for appellants.

*Barrett G. Kemp,* for appellee.

MILLER, Presiding Judge.

This is an appeal by the plaintiffs, Timothy and Elaine Oehrtman, from a judgment of the Court of Common Pleas of Auglaize County granting the motion of defendant, Third National Bank and Trust Company, for summary judgment.

On June 29, 1979, plaintiffs executed a note for $42,000 to defendant bank secured by a mortgage on a two-acre tract of land. In June 1983, the plaintiffs defaulted on the note and the bank filed an action in foreclosure. An answer was filed by Mr. Oehrtman, but his wife was in default of answer.

In May 1984, Mr. Oehrtman became employed and began making regular payments on the note as well as paying $175 per week toward the arrearage. Upon subsequent notification by the court that the foreclosure action would be dismissed if no action was taken, the defendant bank informed the plaintiffs that they would have to pay the arrearage in full to prevent foreclosure.

On April 5, 1985, Mr. Oehrtman remitted $3,685.72 in the form of a check as payment for the arrearage. Ed Kaiser, assistant vice president, gave plaintiffs a receipt for payment by letter which stated that when the check cleared legal action would be stopped.

On April 8, 1985, the bank obtained a cashier's check in exchange for Mr. Oehrtman's check and filed a dismissal against Timothy Oehrtman only. On April 9, 1985, the bank obtained a default judgment against Elaine Oehrtman for the balance of the mortgage.

A motion for relief from judgment was filed by plaintiff, Elaine Oehrtman, and a voluntary dismissal of the judgment against her was filed by the defendant bank.

The plaintiffs then brought this suit against the bank for intentional breach of contract, negligent and intentional infliction of emotional distress and defamation of credit. An amended complaint was filed for breach of implied obligation of good faith under R.C. 1301.09 and breach of a course of dealing under R.C. 1301.11.

A motion for summary judgment was filed by the defendant bank and summary judgment was granted by the trial court. It is from this judgment that the plaintiffs now appeal, asserting three assignments of error.

Plaintiffs in this appeal have abandoned their cause of action for defamation of credit.

The first assignment of error is stated as follows:

"The court erred in ruling that [based on the] the testimony presented and a review of O.R.C. 1301.09 through 1301.11 * * * plaintiffs had no cause of action."

The trial court found that the plaintiffs had no cause of action under R.C. 1301.09 and 1301.11.

R.C. 1301.09 provides:

"Every contract or duty within Chapters 1301., 1302., 1303., 1304., 1305., 1306., 1307., 1308., and 1309. of the Revised Code, imposes an obligation of good faith in its performance or enforcement."

R.C. 1301.11 provides in pertinent part:

"(A) A course of dealing is a sequence of previous conduct between the parties to a particular transaction which is fairly to be regarded as establishing a common basis of understanding for interpreting their expressions and other conduct.

"(B) A usage of trade is any practice or method of dealing having such regularity of observance in a place, vocation, or trade as to justify an expectation that it will be observed with respect to the transaction in question. The existence and scope of such a usage are to be proved as facts. It is established that such a usage is embodied in a written trade code or similar writing, the interpretation of the writing is for the court.

"(C) A course of dealing between parties and any usage of trade in the vocation or trade in which they are engaged or of which they are or should be aware give particular meaning to and supplement or qualify terms of an agreement."

The defendant bank made both oral and written representations to Mr. Oehrtman that upon his remittance of the arrearage "legal action will be stopped." The written representations were sent to the plaintiffs by the assistant vice president in a letter.

After a check in the amount of $3,685.73 was issued to the bank and the bank obtained a cashier's check to ensure payment, the bank dismissed the action against Timothy Oehrtman but obtained a default judgment against Elaine Oehrtman for the balance of the entire mortgage note.

Whether the defendant bank acted in good faith throughout the transactions and whether it acted in good faith based on the course of dealings between these parties raises genuine issues of fact for a jury to decide.

Construing the evidence most strongly in favor of the plaintiffs we find that the trial court committed error in finding as a matter of law that the bank acted in good faith.

The first assignment of error is well-taken.

The second assignment of error is:

"The court erred in ruling that plaintiffs had no cause of action for emotional distress."

The plaintiffs assert that they suffered negligent and intentional infliction of emotional distress. The trial court found that actions for emotional distress arise from tort cases involving trauma and, since the plaintiffs' action was in contract, they thus had no cause of action.

In *Schultz v. Barberton Glass Co.* (1983), 4 Ohio St.3d 131, 4 OBR 376, 447 N.E.2d 109, the court held that a cause of action may be had for the negligent infliction of emotional distress without physical injury. In *Yeager v. Local Union 20* (1983), 6 Ohio St.3d 369, 6 OBR 421, 453 N.E.2d 666, the independent tort of intentional infliction of emotional distress without injury was recognized in Ohio.

The issue of whether a party suffers emotional distress does not depend upon the type of action he pursues, *i.e.*, contract or tort, but rather the issue is whether one party's conduct was so severe as to negligently or intentionally cause the other party to suffer emotional distress.

In the plaintiffs' depositions they set forth the effects of the bank's action upon their family life, marriage, and mental states of mind. Based on this

testimony, viewed most strongly in favor of the plaintiffs, a cause of action for emotional distress was presented.

Whether the emotional distress suffered was of such severity to allow recovery is a question of fact for a jury to decide and cannot be determined as a matter of law. Therefore the trial court committed error by finding that the plaintiffs had no cause of action for emotional distress since the action was in contract.

The second assignment of error is well-taken.

The third assignment of error:

"The court erred in ruling that there was no additional or supplemental contract entered into between the plaintiffs and defendant bank and that there was no breach thereof by the bank."

The trial court found there was a subsequent agreement between the parties where the plaintiffs would pay an additional $175 every week toward the arrearage. But the court held that since the plaintiffs missed two payments, the bank had the right to foreclose. However, there was evidence of an additional agreement between the parties that if the plaintiffs paid the arrearage in full the bank would not further pursue legal action, as well as evidence that the plaintiffs complied with this agreement but the bank did not.

The letter provided to the plaintiffs by the assistant vice president evidences such an agreement and the bank's obtaining the default judgment against Elaine evidences the bank's breach of this agreement.

In viewing such evidence most strongly in favor of the plaintiffs, the issue of whether there was an agreement and whether the bank breached such agreement raises a question of fact.

The third assignment of error is well-taken.

In *Johnson v. New London* (1988), 36 Ohio St.3d 60, 61, 521 N.E.2d 793, 794–795, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267, and *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46, the court stated:

"It is axiomatic that a motion for summary judgment may only be granted where there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). Moreover, summary judgment is inappropriate unless it appears from the evidence that reasonable minds could come to but one conclusion and that conclusion is adverse to the nonmoving party. *Id.* Furthermore, in reviewing a motion for summary judgment, this court, as is the case with other courts, must construe the evidence in a light most favorable to the party opposing the motion. [Citations omitted.] Therefore, absent an affirmative showing by the moving

party, appellee herein, that no genuine issue exits as to any material fact [citations omitted], and that such party is entitled to judgment as a matter of law, summary judgment may not be granted."

Since the trial court could not as a matter of law find that reasonable minds could come to but one conclusion, which conclusion is adverse to the plaintiffs, the trial court committed error in granting summary judgment.

The judgment of the trial court must be reversed and the cause remanded for further proceedings according to law.

*Judgment reversed*
*and cause remanded.*

EVANS and SHAW, JJ., concur.