**In re BERRY.**

Court of Claims of Ohio,
Victims of Crime Division.

No. V93–73984.

Decided April 28, 1995.

*Earl Warren Bennett,* for the applicants.

*Betty D. Montgomery,* Attorney General, for the state.

OPINION AND ORDER OF THREE–COMMISSIONER PANEL.

This cause came to be heard before this panel of three commissioners on January 25, 1995 upon the Attorney General's October 5, 1994 objection and notice of appeal to the September 22, 1994 decision of the single commissioner.

The applicants, Mary R. Berry and Clyde A. Berry, counsel for the applicants, and the Attorney General attended the hearing and presented testimony and oral argument for this panel's consideration.

The single commissioner had denied the applicants' claim pursuant to R.C. 2743.52(A) because the commissioner found that applicant Mary Berry did not qualify as a victim in her own right as defined in *In re Anderson* (1991), 62 Ohio Misc.2d 268, 598 N.E.2d 223, and *In re Fife* (1989), 59 Ohio Misc.2d 1, 569 N.E.2d 1078.

At the hearing, both counsel for the applicants and the Attorney General contended that applicant Mary Berry qualified as a "victim" as defined in R.C. 2743.51(L)(2). In addition, counsel for the applicants presented the testimony of Mt. Vernon, Ohio Police Detective Dennis E. Foster, who was present at the scene of the criminally injurious conduct. Detective Foster related that the offender, Jerry Lee Allard, had already killed his wife (Karen Marie Allard) and daughter (Rachel Marie Allard) and was barricaded in the bathroom with his two sons (Aaron and Jay). The offender asked to speak to Mary Berry, the offender's mother-in-law, and Mrs. Berry came to the crime scene, passing her murdered daughter and grandchild on the way in, and attempted to talk the offender out of killing his two sons. The offender eventually surrendered. The two boys, applicants' grandchildren, are presently under the applicants' guardianship.

R.C. 2743.51(L) defines "victim" as follows:

"(L) 'Victim' means a person who suffers personal injury or death as a result of any of the following:

"(1) Criminally injurious conduct;

"(2) The good faith effort of any person to prevent criminally injurious conduct;

"(3) The good faith effort of any person to apprehend a person suspected of engaging in criminally injurious conduct."

In particular, R.C. 2743.51(L)(2) defines a "victim" as "any person" who "suffers personal injury" as a result of a "good faith effort" to prevent criminally injurious conduct. In *In re Seifert* (1988), 61 Ohio Misc.2d 258, 577 N.E.2d 172, a three-commissioner panel found that one who intervenes in an altercation as a peacemaker to prevent criminally injurious conduct may qualify as a victim as

defined in R.C. 2743.51(L)(2). See, also, *In re Cusick* (Mar. 12, 1984), Ct. of Cl. No. V83–60863sc, unreported. Furthermore, in *In re Christie* (Oct. 30, 1985), Ct. of Cl. No. V84–43091tc, unreported, a three-commissioner panel acknowledged that personal injury, as contemplated in the Victims of Crime Act, need not be limited to physical injury. Instead, a majority of that panel followed the logic of *Schultz v. Barberton Glass Co.* (1983), 4 Ohio St.3d 131, 4 OBR 376, 447 N.E.2d 109, in holding that "personal injury" included psychological injury or emotional distress as well as physical harm.

R.C. 2743.52(A) places the burden of proof upon the applicant to satisfy the Court of Claims commissioners that the requirements for an award of reparations have been met by a preponderance of the evidence. *In re Rios* (1983), 8 Ohio Misc.2d 4, 8 OBR 63, 455 N.E.2d 1374, paragraph one of the syllabus. Black's Law Dictionary defines "preponderance of evidence" as follows:

"Evidence which is of greater weight or more convincing than the evidence which is offered in opposition to it; that is, evidence which as a whole shows that the fact sought to be proved is more probable than not. *Braud v. Kinchen,* La.App., 310 So.2d 657, 659. With respect to burden of proof in civil actions, means greater weight of evidence, or evidence which is more credible and convincing to the mind. That which best accords with reason and probability. The word 'preponderance' means something more than 'weight'; it denotes a superiority of weight, or outweighing. The words are not synonymous, but substantially different. There is generally a 'weight' of evidence on each side in case of contested facts. *But juries cannot properly act upon the weight of evidence, in favor of the one having the onus, unless it overbear, in some degree, the weight upon the other side.*" (Emphasis added.) Black's Law Dictionary (5 Ed.1979) 1064.

Ordinarily, a *prima facie* claim is made when the applicant files an application in accordance with R.C. 2743.56 and submits such additional material, information, and evidence as required by R.C. 2743.59. *In re Williams* (Mar. 26, 1979), Ct. of Cl. No. V77–0739jud, unreported.

From review of the file, with full consideration given to the testimony and oral argument presented at the hearing, this panel finds that the findings of fact and conclusions of law of the single commissioner fail to properly address the issues and interpret the law. The evidence of record establishes that the victim-applicant, Mary R. Berry, suffered emotional distress as a result of a "good faith effort * * * to prevent criminally injurious conduct." R.C. 2743.51(L)(2). As a consequence of this injury, the applicants incurred counseling expenses in the amount of $1,334, as previously indicated in the Attorney General's May 6, 1994 finding of fact and recommendation. Therefore, the September 22, 1994 order of.

the single commissioner must be reversed and judgment entered for the applicants in the amount of $1,334.

IT IS THEREFORE ORDERED THAT:

1. The September 22, 1994 order of the single commissioner is REVERSED;

2. Judgment is rendered against the state of Ohio and the Office of Budget and Management as its agency for payment of the award in the amount of $1,334;

3. The Clerk shall certify this judgment to the Director of the Office of Budget and Management for payment to the applicants pursuant to R.C. 2743.191;

4. This award is expressly conditioned upon the subrogation provisions of R.C. 2743.72, which require any benefits or advantages received from any collateral source, including the offender, be repaid to the state of Ohio;

5. This order is entered without prejudice to the applicant's right to file a supplemental reparations application pursuant to R.C. 2743.60(D) and 2743.68;

6. Costs assumed by the reparations fund.

*Judgment accordingly.*

PHILLIP E. PARISI, KARL M. SCHNEIDER and JAMES H. HEWITT III, Commissioners, concur.