OPINION
The plaintiffs-appellants, Donald and Paulette Fisher ("appellants"), appeal the decision of the Marion County Court of Common Pleas granting summary judgment to the defendant-appellee, American Red Cross Blood Services ("Red Cross"). For the following reasons, we affirm the judgment of the trial court.
The pertinent facts and procedural history in the case are as follows. On or about September 15, 1995, Appellant Donald Fisher donated blood to the American Red Cross in Marion County, Ohio. Pursuant to its protocol, the Red Cross tested the donated blood for various diseases. The Red Cross first utilized the PK TP screening test and Mr. Fisher's blood tested positive for syphilis. The Red Cross' policies and procedures mandate that donor blood testing positive for syphilis be retested using the FTA-ABS test, a test the Red Cross characterizes as more specific and confirmatory. The results of this test also revealed that his blood tested positive for syphilis. A third test, the RPR test, was also performed and resulted in a non-reactive or negative result for syphilis.
On October 24, 1995, the Red Cross notified Mr. Fisher, by letter sent via regular mail, that his blood had tested positive for syphilis, a sexually transmitted disease. The letter indicated that a confirmatory test had verified the presence of syphilis.
The appellants both immediately underwent medical examinations after the notification by the Red Cross. On or about November 25, 1995, the appellants' blood was tested at Marion General Hospital. The RDR test was used and both of the appellants tested negative for syphilis. On January 26, 1998, Mr. Fisher again had his blood tested at the Morrow County Hospital. The ABS testing method was used and his blood again tested negative for syphilis.
The appellants claim that the notification by the Red Cross that Mr. Fisher had a sexually transmitted disease caused them to suffer severe emotional distress. As it caused Mrs. Fisher to doubt her husband's fidelity, they began experiencing marital difficulties and it became necessary for them to seek counseling.
On April 6, 1999, the appellants filed a complaint in the Marion County Court of Common Pleas against the Red Cross for intentional and negligent infliction of emotional distress. On August 26, 1999, the Red Cross filed a motion for summary judgment. On January 25, 2000, the trial court granted the Red Cross' motion for summary judgment. The trial court held that the appellants had failed to establish a cause of action under either theory proposed (i.e. intentional or negligent infliction of emotional distress), and dismissed both the appellants' claims. It is from this judgment that the appellants now appeal, asserting one assignment of error.
Before addressing the appellants' sole assignment of error, it is necessary to set forth the standard of review in this matter. In considering an appeal from the granting of a summary judgment, we review the grant of the motion for summary judgment independently and do not give deference to the trial court's determination. Schuch v. Rogers (1996), 113 Ohio App.3d 718, 720. Accordingly, we apply the same standard for summary judgment as did the trial court. Midwest Specialties, Inc. v. Firestone Tire Rubber Co. (1988), 42 Ohio App.3d 6, 8.
Summary judgment is proper when, looking at the evidence as a whole (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence, construed most strongly in favor of the nonmoving party, that reasonable minds could only conclude in favor of the moving party. Civ.R. 56(C); Horton v. Harwick Chemical Corp. (1995), 73 Ohio St.3d 679,686-87. To make this showing the initial burden lies with the movant to inform the trial court of the basis for the motion and identify those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280,293. Those portions of the record include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action. Civ.R. 56(C). Once the movant has satisfied this initial burden, the burden shifts to the nonmovant to set forth specific facts, in the manner prescribed by Civ.R. 56(C), indicating that a genuine issue of material fact exists for trial. Dresher, 75 Ohio St.3d at 293.
Assignment of Error
 The trial court erred and abused its discretion in granting Appellees Summary Judgment when there existed genuine issues of material facts.
The appellants allege that the trial court erred in finding that no genuine issues of material fact existed as to either of their claims. For the following reasons, we agree with the findings of the trial court.
The appellants charged the Red Cross with both intentional and negligent infliction of emotional distress. As these causes of action are distinct and require differing elements of proof, they will be addressed separately.
Intentional Infliction of Emotional Distress
In Retterer v. Whirlpool Corp. (1996), 111 Ohio App.3d 847, this court set forth the elements required in order to recover in an action for intentional infliction of emotional distress as follows.
 (1) that the actor either intended to cause emotional distress or knew or should have known that actions taken would result in serious emotional distress to the plaintiff;
 (2) that the actor's conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community;
 (3) that the actor's actions were the proximate cause of plaintiff's psychic injury and;
 (4) that the mental anguish suffered by the plaintiff is serious and of a nature that no reasonable person could be expected to endure it.
Citing Pyle v. Pyle (1983), 11 Ohio App.3d 31, 34.
The Supreme Court of Ohio, in Yeager v. Local Union 20 (1983),6 Ohio St.3d 369, citing Restatement of the Law 2d, Torts (1965), 73, Section 46, Comment d, described what constitutes extreme and outrageous conduct:
 It has not been enough that the defendant acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. * * * Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!" * * * The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.
The appellants allege that the Red Cross' communication of the test results constituted extreme and outrageous conduct. We disagree with this contention. The Red Cross was simply following the regulations, dictated by the FDA, which require positive test results to be reported to the donor. The Red Cross had conducted two different tests and both indicated that the appellant's blood tested positive for syphilis. We agree with the trial court's opinion that, contrary to the appellants' claim, the Red Cross' conduct would have been beyond the bounds of decency had it failed to notify the appellant of a positive test result.
The appellants also allege that due to the business relationship between the parties, they are entitled to recover for their emotional distress. Ohio recognizes an actionable form of emotional distress in cases where the business relationship of the parties creates a situation where the plaintiff is entitled to protection by the defendant. Meyers v. Hot Bagels Factory, Inc.
(1999), 131 Ohio App.3d 82. In that situation, the plaintiff may recover for any injuries, including fright and terror, which result from a willful breach of duty, insult or unlawful treatment. Id. For reasons of public policy and because of the relationship between the parties, the law gives the plaintiff redress for mental distress and humiliation caused by the defendant's insulting conduct. Id.
For the reasons set forth above, it cannot be said that the conduct of the Red Cross was willful or insulting. Rather the Red Cross was acting pursuant to internal regulations formulated for the safety and well being of their donors. Therefore, we find that the appellants' have failed to establish an actionable claim under this theory of recovery.
Furthermore, the appellants have failed to establish that they suffered serious emotional distress as required for a claim of intentional infliction of emotional distress. The Supreme Court of Ohio has made clear that "in order to state a claim alleging the intentional infliction of emotional distress, the emotional distress alleged must be serious." Yeager, 6 Ohio St.3d at 374. The Court in Paugh v. Hanks (1983), 6 Ohio St.3d 72, 78, defines "serious," in the context of emotional distress, as follows:
 By the term `serious' we of course go beyond trifling mental disturbance, mere upset or hurt feelings. We believe that serious emotional distress describes emotional injury which is both severe and debilitating. Thus, serious emotional distress may be found where a reasonable person, normally constituted, would be unable to cope adequately with the mental distress engendered by the circumstances of the case.
See also, Katterhenrich v. Fed. Hocking Local School Dist. Bd.of Edn. (1997), 121 Ohio App.3d 579.
The record in this case includes affidavits submitted by both the appellants. In his affidavit, Donald Fisher, states that he felt "extremely insulted, indigent and that his character and reputation had been attacked." He also indicated that as a result of the test results he experienced marital strife and sought counseling from his pastor. In her affidavit, Paulette Fisher alleged shock, worry, humiliation and embarrassment. She stated that her relationship with her husband was adversely affected and she also sought counseling with her pastor.
The record in this matter affirmatively demonstrates that the appellants did not suffer emotional distress of the magnitude necessary to sustain a viable claim for intentional infliction of emotional distress. While the appellants may have been humiliated and embarrassed by the test results, it cannot be said that their emotional injury was "severe and debilitating."
As the appellants have failed to present any evidence to establish that the conduct of the Red Cross was "extreme and outrageous" or that the emotional injury they suffered was "severe and debilitating," summary judgment is appropriate as to their claim of intentional infliction of emotional distress.
Negligent Infliction of Emotional Distress
The appellants also allege that the trial court erred in finding they were not entitled to recovery under the theory of negligent infliction of emotional distress. For the following reasons, we disagree.
The Supreme Court of Ohio addressed this very issue on Heinerv. Moretuzzo (1995), 73 Ohio St.3d 80, a case in which the plaintiff had been incorrectly diagnosed as HIV positive. The Court held that Ohio does not recognize a claim for negligent infliction of serious emotional distress where the distress is caused by the plaintiff's fear of a nonexistent physical peril.Id. at 87. The Court reiterated its prior position that recovery for negligent infliction of emotional distress is limited to instances where the plaintiff has either witnessed or experienced a dangerous accident or appreciated the actual physical peril. Id. at 86, see also Paugh, 6 Ohio St.3d 72;Schultz v. Barberton Glass Co. (1983), 4 Ohio St.3d 131.
The appellants' claim here is identical to that in Heiner, in that it is based on a nonexistent physical peril. Therefore, the appellants' claim of negligent infliction of emotional distress is not recognized in Ohio and the trial court properly granted summary judgment on this issue.
Accordingly, the appellants' sole assignment of error is without merit and is overruled.
Having found no error prejudicial to the appellants herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
 ___________________________ HADLEY, P.J.
WALTERS and BRYANT, JJ., concur.