JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff, Frank Lakatos, appeals the trial court granting summary judgment to defendant-appellee, and Republic Services of Ohio Hauling, LLC.[1] For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On October 9, 2000, plaintiff had been an employee of RJ Trucking for three months. That day, plaintiff was driving a trucking tractor in order to pick up a full refuse trailer from defendant's Harvard Road[2] transfer facility. As plaintiff backed his truck toward the trailer, he ran over and killed one of defendant's employees, John Verbic, manager of the facility.
 {¶ 3} At deposition, plaintiff testified that around 4:15 p.m., when he returned to the Harvard site after delivering a trailer to Canton, Ohio, he saw two men near a white truck sitting in the yard with its hood up. The truck was located approximately six feet away from where the full trailers were sitting. When plaintiff began to align his truck into position for the hook-up, he noticed the hood on the white truck was closed. As he began backing his truck toward one of the full trailers, plaintiff did not see anyone in his mirrors. Right before he reached the trailer, however, plaintiff noticed Dennis Dunham, one of Verbic's co-workers, sitting in the white truck and motioning for him to stop. When plaintiff exited the truck, he walked around the front of the vehicle, looked toward the back end of the truck, and saw Verbic lying dead behind the truck's wheels. Dunham testified that just before being hit, Verbic had stepped into the path of plaintiff's truck. The record also shows that at the time of his death Verbic was under the influence of cocaine.
 {¶ 4} In January 2002, plaintiff filed suit alleging, among other claims, that defendant was responsible for the negligence of its employee, Verbic, under the theory of respondeat superior. In his complaint, plaintiff alleges he developed a host of emotional and physical problems including, but not limited to, post-traumatic disorder and irritable bowel syndrome as a direct result of defendant's negligent infliction of emotional distress.
 {¶ 5} Filing a motion for summary judgment, defendant argued that plaintiff's claim for negligent infliction of emotional distress was without merit. The trial court, without opinion, agreed and granted defendant's motion. It is from this order that plaintiff appeals, presenting one assignment of error for review.
 {¶ 6} The trial court erred in granting summary judgment, per the trial court's order of December 05, 2002.
 {¶ 7} Plaintiff argues he satisfies each element of proof required to show he suffers from defendant's negligent infliction of emotional distress. Both parties agree that plaintiff was not a bystander to Verbic's fatal accident.[3] Plaintiff, however, argues he was directly involved in the accident and that he has suffered compensable emotional and physical[4] injuries as a result. Defendant, on the other hand, seems to be saying that plaintiff was directly involved in Verbic's death but that plaintiff's claims are not compensable because he did not demonstrate the requisite contemporaneous physical injury or the type of severe and debilitating emotional injuries required under Ohio law. Neither plaintiff nor defendant has correctly recited Ohio law regarding a claim for negligent infliction of emotional distress.
 {¶ 8} Since we review defendant's motion for summary judgment de novo, we must determine whether plaintiff was "directly involved" or merely a "bystander" to Verbic's fatal accident. We conduct our analysis, bearing in mind that each case is evaluated on its own facts.Paugh v. Hanks (1983), 6 Ohio St.3d 72, 78, 451 N.E.2d 759.
 {¶ 9} Originally, the rule in Ohio was that there was no recovery for negligent infliction of emotional distress unless there was a contemporaneous physical injury. Miller v. Baltimore Ohio S.W. RR.Co. (1908), 78 Ohio St. 309, 85 N.E. 499. In 1983, however, the Ohio Supreme Court overruled Miller in Schultz v. Barberton Glass Co. (1983),4 Ohio St.3d 131, 447 N.E.2d 109.
 {¶ 10} In Schultz v. Barberton Glass Co. (1983), 4 Ohio St.3d 131,447 N.E.2d 109, a large sheet of glass fell off one of defendant's trucks onto the highway and crashed into plaintiff's windshield. Though not physically injured, plaintiff claimed emotional distress, supported by expert medical testimony. The Court held that plaintiff, directly involved in the accident, stated a cause of action "for the negligent infliction of serious emotional distress without a contemporaneous physical injury."
 {¶ 11} The Ohio Supreme Court further defined serious emotional distress in the context of a bystander claim. In Paugh v. Hanks (1983),6 Ohio St.3d 72, 78, 451 N.E.2d 759, plaintiff and her two children lived directly across from a freeway exit ramp. One evening, a vehicle ran the stop sign at the end of the freeway exit ramp and crashed into plaintiff's home. Months later, another vehicle crashed into a fence on plaintiff's property, near an area where plaintiff's children played. Two weeks later, a third vehicle crashed into plaintiff's home. Plaintiff sued the drivers for, among other things, the mental suffering she had experienced as a result of their negligence. The Court held that plaintiff, a bystander, stated an actionable claim for negligent infliction of serious emotional distress.[5] At paragraphs two through four of its syllabus in Paugh, the Ohio Supreme Court held:
 {¶ 12} 2. A cause of action may be stated for the negligent infliction of serious emotional distress without the manifestation of a resulting physical injury. Proof of a resulting physical injury is admissible as evidence of the degree of emotional distress suffered.
 {¶ 13} 3. Where a bystander to an accident states a cause of action for negligent infliction of serious emotional distress, the emotional injuries sustained must be found to be both serious and reasonably foreseeable, in order to allow a recovery. (Emphasis added).
 {¶ 14} 4. Serious emotional distress describes emotional injury which is both severe and debilitating. Thus, serious emotional distress may be found where a reasonable person, normally constituted, would be unable to cope adequately with the mental distress engendered by the circumstances of the case.
 {¶ 15} Id. Thus, under Paugh, bystanders to an accident may recover if their emotional injuries are both serious and reasonably foreseeable. The standard, furthermore, is whether reasonable persons, "normally constituted, would be unable to cope adequately with the mental distress arising from the circumstances of the case."
 {¶ 16} In Burris v. Grange Mut. Cos., (1989), 46 Ohio St.3d 84,93, the Ohio Supreme Court underscored its holding in Paugh. In Burris,
plaintiff's son was negligently killed; the mother, when informed of his death, allegedly suffered serious emotional distress. The Court clarified the rule for bystanders:
 {¶ 17} In Paugh we extended this new cause of action [i.e., negligent infliction of serious emotional distress without contemporaneous injury] to persons who observe an accident as bystanders
but who are not directly involved in the accident." Thus, this court clearly required some type of sensory perception of the accident or events following immediately thereafter. (Emphasis added.)
 {¶ 18} Burris. The Court further clarified: "`Bystander' does not include a person who was nowhere near the accident scene and had no sensory perception of the events surrounding the accident." Id. The Court also stated that a negligently inflicted emotional injury had to be reasonably foreseeable. The factors to be considered in order to determine whether an injury to a bystander was foreseeable include:
 {¶ 19} whether the plaintiff was located near the scene of the accident, as contrasted with one who was a distance away; (2) whether the shock resulted from a direct emotional impact upon the plaintiff from sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence; and (3)whether the plaintiff and victim (if any) were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship. (Emphasis added.)
 {¶ 20} The Court concluded plaintiff did not state a claim for emotional distress because she had no sensory perception of her son's accident when it occurred.
 {¶ 21} In 1995, in Heiner v. Moretuzzo (1995), 73 Ohio St.3d 80,85-87, 652 N.E.2d 664, 668-670, the Ohio Supreme Court reiterated the distinctions between its prior decisions. In that case, the Court explained,
 {¶ 22} in Schultz, we expanded the law to allow recovery for negligent infliction of emotional distress without proof of a contemporaneous physical injury for plaintiffs who are directly involved
in an accident. In Paugh, we extended the rule of Schultz to permit recovery for purely emotional injuries for plaintiff-bystanders who were not directly involved in the accident. However, in Paugh, we set forth certain limitations on the right to recover for emotional injuries by requiring, among other things, that the emotional injuries suffered by the plaintiff must be severe and debilitating and reasonably foreseeable. Id. at paragraphs two and three of the syllabus. Binns
reminds us that a plaintiff who suffers physical injuries in an automobile accident may recover for the emotional distress associated with his or her own injuries, as well as the distress associated with having observed the death or injury of another occupant of the vehicle, whether or not the plaintiff's emotional injuries are severe and debilitating. (Emphasis added.)
 {¶ 23} Id. at paragraphs one, two and three of the syllabus.[6]
 {¶ 24} In Tupps v. Gray, (June 15, 2000), Franklin App. No. 99AP-790, 2000 Ohio App. LEXIS 2555, Florence Hardesty was a passenger in an automobile driven by defendant. Hardesty was killed when defendant attempted to make a left turn and was struck by co-defendant Erwin's oncoming vehicle. After hitting defendant's automobile, Erwin went to Hardesty's side and stayed with her until the paramedics arrived at the scene. Hardesty's estate sued and Erwin cross-claimed for the emotional injuries he claimed to have suffered from watching Hardesty die. Following Binns, the court stated as follows:
 {¶ 25} Under Binns he may not recover for those injuries because he was not in the same vehicle as Hardesty. Instead of simply allowing recovery for emotional distress associated with having observed the death or injury of others involved in the accident, the Supreme Court has specifically limited the class of persons who may recover such damages in these types of cases to other occupants of the vehicle in which the person was injured or killed.
 {¶ 26} The court denied plaintiff recovery.
 {¶ 27} Because of the unusual circumstances of this case, especially plaintiff's role in the accident, plaintiff does not fit neatly into either the "bystander" or "directly involved" categories developed by the Ohio Supreme Court.[7] Nonetheless, until the Ohio Supreme Court decides to relax the line between bystanders and those persons directly involved in accidents, we must adhere to the law as it currently exists in Ohio.
 {¶ 28} Plaintiff cannot be classified as a bystander because he was not closely related to Verbic. The bystander designation is also improper because plaintiff was operating the instrument of Verbic's death. We find no case law in which any person was classified as a bystander who also participated in causing the death of the person from which the claim for emotional distress arises.
 {¶ 29} Nor can plaintiff be deemed "directly involved" in the accident, because under the developed understanding of this term he did not actually witness Verbic being killed. It was not until plaintiff exited his truck that he became aware of Verbic's death. Further, plaintiff has not shown that he was ever exposed to a real or impending physical calamity either.
 {¶ 30} Ohio case law has recognized negligent infliction of emotional distress only where there is cognizance of a real danger, not mere fear of nonexistent peril. See Paugh, supra; Schultz, supra.
 {¶ 31} * * *
 {¶ 32} The courts of Ohio have not expanded this cause of action to include apprehension of a non-existent physical peril, nor will we. * * *
 {¶ 33} Heiner, supra at 86 citing Criswell v. Brentwood Hosp.
(1989), 49 Ohio App.3d 163, 165-166, 551 N.E.2d 1315, 1317-1318.
 {¶ 34} In the case at bar, plaintiff was apprehensive subsequent to the accident. Plaintiff is other than a bystander, but less than "directly involved," as the case law has defined these terms. We are not unaware of the emotional distress that can arise from the circumstances here. We, nonetheless, are reluctant to expand the law to include a driver who experiences emotional distress because, after exiting his truck, he sees a victim lying behind the tractor's wheels and is told that he had killed this victim. No matter who is wrong here — and we do not address this issue — the facts of this case do not warrant a legal remedy.
 {¶ 35} Accordingly, the trial court did not err in granting summary judgment to defendant. Plaintiff's sole assignment of error is overruled and the judgment of the trial court is affirmed.
 {¶ 36} Judgment accordingly.
Frank D. Celebrezze, Jr., P.J., and James J. Sweeney, J., concur.
[1] Defendant is in the waste refuse business.
[2] Located in Cleveland, Ohio.
[3] A bystander to an accident may recover if the emotional injuries are both serious and reasonably foreseeable. Burris, at 92 citing Paughv. Hanks (1983), 6 Ohio St.3d 72, 451 N.E.2d 759.
[4] Since the accident, plaintiff has been treated for irritable bowel syndrome.
[5] "A non-exhaustive litany of some examples of serious emotional distress should include traumatically induced neurosis, psychosis, chronic depression, or phobia." Paugh, at 78.
[6] We note the case of Binns v. Fredenall (1987), 32 Ohio St.3d 245, is limited in its application here because it addresses only the instance when there is a contemporaneous physical injury. But Binns does clarify that the distress from observing a death can be compensable in limited situations.
[7] We note that the term "bystander" and the phrase "directly involved" are legal terms of art. Neither classification directly comports with its common language definition.