JENSEN, P.J., dissenting.
 

 {¶ 26} Because I would hold that the trial court erred in denying appellants' motion for partial judgment on the pleadings concerning appellee's claim for negligent infliction of emotional distress, I respectfully dissent.
 

 {¶ 27} The issue in this case, as stated by the majority, is "whether appellee was required to allege an intentional tort or a negligent tort with the added allegation of recklessness." In finding that the latter of the two options is appropriate, the majority holds that a claim of negligent infliction of emotional distress may be brought against a political subdivision employee who would otherwise qualify for immunity under R.C. 2744.03 so long as the claim is accompanied by an allegation that the employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner. The majority "reject[s] appellants' argument that statutory immunity automatically bars a negligent infliction of emotional distress claim." Because I find that R.C. 2744.03 entitles an employee of a political subdivision to immunity for claims premised upon negligent conduct, I strongly disagree with the majority's holding.
 

 {¶ 28} The tort of negligent infliction of emotional distress is, by definition, premised upon negligent conduct and is therefore subject to dismissal under R.C. 2744.03 in this case. In
 
 Piro v. Franklin Twp.
 
 ,
 
 102 Ohio App.3d 130
 
 , 143,
 
 656 N.E.2d 1035
 
 (9th Dist. 1995), the court found that a claim for negligent infliction of emotional distress was subject to dismissal despite the existence of a question of fact as to whether the defendant acted maliciously, recklessly, or in bad faith because "a tort claim grounded in negligence is inconsistent with R.C. 2744.03(A)(6)(b), which requires a higher level of culpability in order to remove the immunity of political subdivision employees." Likewise, in
 
 Tuleta v. Medical Mut. of Ohio
 
 ,
 
 2014-Ohio-396
 
 ,
 
 6 N.E.3d 106
 
 , ¶ 58 (8th Dist.), the court summarily rejected a claim for negligent infliction of emotional distress brought against a police officer based upon its recognition that "[a]n employee of a political subdivision is immune from liability for negligent acts or omissions."
 

 {¶ 29} Notwithstanding the foregoing, the majority concludes that an allegation of recklessness is sufficient to enable appellee to assert claims rooted in negligence against appellants. Notably, a claim seeking damages for the infliction of emotional distress premised upon reckless conduct is treated as a claim for intentional infliction of emotional distress under Ohio law.
 
 See
 

 Russ v. TRW, Inc.
 
 ,
 
 59 Ohio St.3d 42
 
 , 48-49,
 
 570 N.E.2d 1076
 
 (1991) ( "This court has recognized the torts of intentional or reckless infliction of emotional distress in
 
 Yeager v. Local Union 20, supra,
 
 [
 
 6 Ohio St.3d 369
 
 ,
 
 453 N.E.2d 666
 
 (1983) ] and negligent infliction of emotional distress in
 
 Schultz v. Barberton Glass Co., supra
 
 [
 
 4 Ohio St.3d 131
 
 ,
 
 447 N.E.2d 109
 
 (1983) ].");
 
 see also
 

 Reamsnyder v. Jaskolski
 
 ,
 
 10 Ohio St.3d 150
 
 , 152,
 
 462 N.E.2d 392
 
 (1984) ("The intentional or reckless infliction of emotional distress is an independent tort which does not require an underlying tort for an injured party to recover."). Although appellee alleges recklessness in her complaint, the fact remains that negligent infliction of emotional distress is premised upon negligent conduct, not reckless conduct. Appellee's allegations of recklessness may give rise to a claim for intentional infliction of emotional distress, but her claim for negligent infliction of emotional distress must be dismissed because such claims are barred under the clear language of R.C. 2744.03. Therefore, I must dissent.