## CLARK RESTAURANT CO v RAU

Ohio Appeals, 8th Dist, Cuyahoga Co

Decided October 5, 1931

Messrs. Ford & Kiefer and Mr. Lloyd D. Hunter, Cleveland, for plaintiff in error.

Messrs. Patterson, O'Brien & Holland, Cleveland, for defendant in error.

LEVINE, PJ.

One of the assignments of error upon which the claim of reversal is based is that the court erred in his charge to the jury, in this, to wit, that, instead of submitting the question whether or not defendant in error suffered injuries as a question of fact to the jury, the court in his charge assumed the existence of the fact that the defendant in error did sustain an injury. No doubt the charge contains language from which the conclusion reached by plaintiff in error could reasonably be inferred. A reading, however, of the entire charge makes it evident that the court submitted the question of whether or not an injury was sustained by defendant in error as a question of fact for the determination of the jury. Note the following language quoted from the charge:

"So, ladies and gentlemen of the jury, if you find that the plaintiff in this case—and if you find it by a preponderance of the evidence—that plaintiff was injured by the sale by the defendant of some unwholesome food which had foreign substance, adulterated substance or deleterious matter in it, then it would be your duty to return a verdict for the plaintiff in this case."

And note also the following:

"If you find that such matter was in the food and it did not injure plaintiff, then it would be your duty to return a verdict for the defendant in this case."

There is another consideration which in our opinion would even justify the assumption of the fact of injury by the court. If the jury found as a matter of fact that there was contained in the food furnished by the company to the defendant in error particles of glass, and that he swallowed the same, and if it be found as a matter of fact that through the negligence of the company the defendant in error swallowed particles of glass contained in the food furnished him, it would constitute in itself an injury to his body. The customer had a right to rely upon the fact that the food furnished to him by the company was free from foreign or injurious substances, and the mere existence of particles of glass in the food furnished by the company to the defendant in error is evidence of negligence. If as a proximate result of such negligence on the part of the company defendant in error swallowed particles of glass contained in the food, this fact in itself establishes an injury even though there be no other injury.

Reasoning by analogy, there are many adjudicated cases where the plaintiff swallowed a needle contained in bread or cake furnished by the manufacturer of same, wherein a recovery was allowed as for injuries sustained, even though the needle after a little time elapsed passed out of plaintiff's body. When there is evidence of any injury, no matter how slight, the mental anguish suffered by the plaintiff becomes an important element in estimating the damages sustained. The trial court submitted to the jury for its determination the disputed question of fact whether or not defendant in error swallowed particles of glass contained in the food furnished him by the company. In our opinion, if the jury answered this question in the affirmative, the fact of injury may be assumed, and, while the mere swallowing of particles of glass, which safely passed out of defendant in error's body, would not be a sufficient ground to sustain a verdict in the sum of $500, in the absence of any other injury, yet the fact of the mental stress and anxiety under which he labored, if the jury found that he did so labor, taken together even with a slight injury, consisting of the mere introduction into his system of two particles of glass, would justify the verdict.

There is considerable discussion in the brief of plaintiff in error dealing with the scintilla rule. It is claimed that the court erred in refusing to direct a verdict on a motion of plaintiff in error at the conclusion of the evidence offered by defendant in error and also at the conclusion of all the evidence.

Counsel quote from the opinion of Jones, J., in the case of the **Cleveland-Akron Bag Co v Jaite, an Infant, 112 Oh St 506,** 148 N. E., 82. We agree with counsel for plaintiff in error that the reasoning of Judge Jones seems quite persuasive. It is in effect a severe criticism of the scintilla rule prevaling in Ohio. He, however, expressed his own views. The majority of the court adhered to the scintilla rule, and it is clearly the duty of trial courts to adhere to it. Counsel for plaintiff in error very candidly stated to the court in open court that, if the scintilla rule still exists in Ohio, then this last assignment of error would have no basis in law.

Reverting to the assignment of error based upon the court's alleged erroneous charge in assuming the fact of injury by defendant in error, we desire to point out

496

that at the request of plaintiff in error certain written requests to charge were given to the jury by the court before argument. These requests to charge are as follows:

"1. That the burden of proof is on the plaintiff to show, by a preponderance of the evidence that he swallowed glass contained in food sold to him by the defendant in its restaurant; that directly and proximately therefrom he suffered, actual physical injuries and that unless the plaintiff does prove all of these essential elements, by a preponderance of the evidence, the jury should return a verdict for the defendant.

"2. That the plaintiff has no right whatever to recover any damages whatever for mental anguish or any kind of mental suffering unless he first proves, by a preponderance of the evidence in his favor, that he swallowed glass in food sold him by the defendant in one of its restaurants and that proximately and directly therefrom he suffered actual physical injury; that unless the plaintiff does prove all of these essential elements herein enumerated by a perponderance of the evidence, then there is no liability on the part of the defendant whatsoever and the jury must bring in a verdict for the defendant.

"3. That in the event the jury finds that the plaintiff suffered no physical injuries immediately following the time he claims to have swallowed the glass, and finds that any physical injury or suffering he may have sustained subsequent thereto was due to an independent, intervening agency, that even though such independent intervening agency was prescribed for the plaintiff and taken by the plaintiff because of the belief that he had swallowed something deleterious to his health, such physical injury in such case not being proximately due to the alleged swallowing of glass, the jury must find for the defendant."

A reading of same discloses that practically all the issues involved in the case were embraced in these special requests which the court gave to the jury before argument. These requests were taken by the jury, as required by law, to their jury room for their guidance and discussion. And if the general charge contained a verbal slip it was fully cured by these instructions in writing which the court gave at the request of plaintiff in error before argument.

It is claimed that the verdict is manifestly against the weight of the evidence. A detailed discussion of the evidence is contained in the brief of plaintiff in error with a view to sustaining its claim. We find it unnecessary to deal at great length with this last assignment of error, for the reason that the record discloses that this case had been tried twice to a jury. The first trial resulted in a verdict in favor of the plaintiff in the same amount. The trial court granted a motion for a new trial on the ground that it was manifestly against the weight of the evidence.

Sec 11577 GC, provides as follows:

"The same court shall not grant more than one new trial on the weight of the evidence against the same party in the same case, nor shall the same court grant more than one judgment of reversal on the weight of the evidence against the same party in the same case."

This section was construed by the Supreme Court in the case of **Cleveland Ry Co v Trendel, 101 Oh St 316,** 128 N. E., 136, to the effect that once a new trial has been granted on the ground that the verdict was against the weight of the evidence the court cannot again grant a new trial on the same ground, and likewise to the effect that a reviewing court cannot reverse a judgment on the ground that the same is manifestly against the weight of the evidence, if the record discloses that the trial court had once granted a new trial in the same case on the ground that the same was manifestly against the weight of the evidence. In a retrial of a case after a motion for a new trial had been granted on the ground that the verdict was against the weight of the evidence, this ground cannot again be considered either by the trial court or by the reviewing court. This rule rests upon a sound reason, namely, that the reviewing court cannot say that the trial court erred in not granting a new trial on the ground that the verdict is manifestly against the weight of the evidence since under the statute the trial court is prohibited from doing it.

We hold that substantial justice was done in this case, and the judgment will be affirmed.

WEYGANDT and VICKERY, JJ, concur.