Turner, J.
 

 Each of these 'cases presents the same two questions: (1) Is there any evidence in the record of physical injury; (2) is a retailer liable in damages for the sale of unwholesome food where such food when sold is contained in an original package which does not admit of inspection of the contents by the retailer ?
 

 Refraining the first question: Is a jury justified in finding “physical injury” where the evidence discloses only that upon eating some canned peaches and discovering worms in the uneaten portion, plaintiff immediately became nauseated, began vomiting and remained sick for several days?
 

 The Court of Appeals stated in its opinion (applying to each case):
 

 “Plaintiff cannot recover for the reason that there-
 
 *645
 
 is no evidence in the record' that she suffered any physical injury.”
 

 If there was no evidence of any physical injury then the judgment of the Court of Appeals should be affirmed on the authority of the case of
 
 Davis
 
 v.
 
 Cleveland Ry. Co.,
 
 135 Ohio St., 401, 21 N. E. (2d), 169, wherein it was held:
 

 “In a personal injury action involving ordinary negligence, no liability exists for fright and its consequences when such fright is unaccompanied by contemporaneous physical injury.”
 

 However, we do have the question here of whether there was substantial evidence of contemporaneous physical injury.
 

 The' following is a summary of the pertinent evidence :
 

 The daughter opened one of the cans and the mother, while eating the peaches, discovered worms. The mother called her daughter’s attention to the worms. The daughter inspected her dish of peaches and also found worms. Both plaintiffs immediately became ill and vomited. They remained sick for several days and the mother’s nerves were upset and she suffered pain. They could not eat solid food for several days.
 

 The cross-examination developed:
 

 “Q. You had no idea that anything was wrong with these peaches up until the time you saw this worm, did you? A. No, I didn’t.
 

 “Q. You got sick when you saw the worm, didn’t you? A. Yes, I did.
 

 “Q. And that is what made you nauseated, wasn’t it? A. I can’t say just what made me nauseated or not but I know I vomited terribly after I saw the worm, because I feared that I had eaten worms.”
 

 The daughter’s testimony concerning becoming ill was to the same effect.
 

 
 *646
 
 No medical testimony was offered as to the reason of the nausea of plaintiffs which lasted for several days. In his charge to the jury the trial judge said:
 

 £ £ The court in this respect also wishes to call to your attention that the plaintiff, or either of them, have no right whatever to recover any damages for fright or for viewing any worms or from mental • anguish or from any kind of mental suffering unless she first proves by a preponderance of the evidence that she swallowed deleterious, corrupted, diseased or unwholesome food, purchased from the defendant, and that proximately and directly therefrom she suffered any physical injury; and unless the plaintiff does prove all these essential elements herein enumerated by a preponderance of the evidence, then there is no liability upon the part of the defendant whatsoever, and the verdict of the jury must be for the defendant.”
 

 The evidence clearly discloses that each of these plaintiffs did eat of the peaches and that there were worms- in the can. Whether either of the plaintiffs actually ate a worm is beside the mark. We are of the opinion that the presence of worms in the can of peaches caused such peaches to be a corrupt and unwholesome provision.
 

 It cannot be denied that worms in food will ordinarily produce nausea followed by vomiting where persons, especially women, have eaten of such food. Such consequence should have been reasonably anticipated by those who offered such food for sale.
 

 We are of the opinion that where the evidence discloses that plaintiff had eaten of unwholesome provision sold in violation of Section 12760, General Code, and immediately after discovering worms in the uneaten portion of such provision became nauseated and vomited, followed by sickness, the question of whether such plaintiff suffered a physical injury is a question of fact for the jury.
 

 
 *647
 
 Ignorance of the unwholesome condition of the food is no excuse for the seller. Neither is it any excuse that the seller chose to offer the food in a sealed container whereby he could not examine the contents. The seller’s duty to warn the buyer cannot be avoided by the excuse that he did not know the provision was unwholesome and that it was impracticable to open the can and examine the provision.
 

 The case of
 
 Hunter
 
 v.
 
 Derby Foods, Inc.,
 
 110 F. (2d), 970, decided by the United States Circuit Court of Appeals, Second Circuit, involved the civil liability of a New York distributor of beef which had been processed and canned in South America by another concern. The distributor had shipped the canned beef to Ohio .where it had been sold by a retailer causing death of the consumer. The consumer’s administrator brought an action for wrongful death relying on the violation of Section 12760, General Code of Ohio, as negligence
 
 per sc.
 
 Recovery by the administrator was sustained. The same principle of law in respect of a canned provision was involved in that case as in the instant case. Section 12760, General Code, provides:
 

 “Whoever sells, offers for sale or has in possession with intent to sell, diseased, corrupted, adulterated or unwholesome provisions without making the condition thereof known to the buyer, shall be fined not more than fifty dollars or imprisoned twenty days, or both. ’ ’ There is no claim that the seller made known to the buyer the condition of these peaches.
 

 In the case of
 
 Rubbo
 
 v.
 
 Hughes Provision Co.,
 
 138 Ohio St., 178, 34 N. E. (2d), 202, we held:
 

 “A sale of provisions in violation of Section 12760, General Code, is negligence
 
 per se. (Portage Markets Co.
 
 v.
 
 George, supra
 
 [111 Ohio St., 775], approved and followed.) ”
 

 The case of
 
 McMurray
 
 v.
 
 Vaughn’s Seed Store,
 
 117 Ohio St., 236, 157 N. E., 567, did not concern diseased,
 
 *648
 
 borrupted, adulterated or unwholesome provisions and, therefore, has no application here.
 

 We have had the same difficulty with the pleadings as did the Court of Appeals. Like the Court of Appeals, we have assumed that this was a negligence action — it was tried as such.
 

 Section 12760, General Code, contains no exception in respect of provisions contained in cans or other original packages and we are not justified in reading any such exception into the statute.
 

 We are of the opinion, therefore, that the judgment of the Court of Appeals in each case should be and hereby is reversed and the judgment of the Court of Common Pleas in each case affirmed.
 

 Judgments reversed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman and Bell, JJ., concur.